# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Winston Najee Reed, | Case No. 2:24-cv-00751-JAD-DJA |
| Plaintiff | |
| v. | |
| Jeremy Bean, et. al., | **Order Dismissing and Closing Case** |
| Defendants | |

Plaintiff Winston Reed brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison.[1] On June 11, 2024, this court ordered the plaintiff to either pay the full $405 filing fee or complete his application to proceed *in forma pauperis* by filing his missing financial certificate and an inmate trust fund account statement for the previous six-month period by July 11, 2024.[2] That order was returned as undeliverable, noting that Reed had been transferred to Ely State Prison (ESP).[3] So on June 13, 2024, the court sent Reed a courtesy copy of the order by delivering it to the email address for ESP's law library.[4] Despite this courtesy, the deadline expired without Reed paying the $405 filing fee, filing the financial documents that were missing from his *in forma pauperis* application, or filing any other response.

---

[1] ECF No. 1-1.
[2] ECF No. 4.
[3] ECF No. 5.
[4] ECF No. 4 (service details stating that order was regenerated on June 13, 2024, and delivered to the email address for ESP's law library).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[9] Courts

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[7] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[10]  This court must collect filing fees from parties initiating civil actions, and litigation cannot realistically proceed without a litigant's compliance with the court's orders.  So the only alternative to dismissal here is to enter a second order setting another deadline.  But repeating an ignored order often only delays the inevitable and further squanders the court's finite resources.  These circumstances do not indicate that this case will be an exception.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* in compliance with this court's June 11, 2024, order.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Winston Reed wishes to pursue his claims, he must file a complaint in a <u>new</u> case and either pay the required filing fee or file a complete application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **(ECF No. 3) is DENIED** as incomplete and moot.

Dated: September 5, 2024

_____
U.S. District Judge Jennifer A. Dorsey

---

"initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[10] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).